LBROWN, C.J.,
Concurring and Dissenting in part.
These cases were consolidated and remanded by the supreme court for this court to address a common question of whether, in a case pending before a medical review panel, a plaintiff can be com *1234 pelled to state “the standard of care allegedly breached by the defendant.” This court is in agreement that a plaintiff does not have to articulate the standard of care as that is a question within the expertise of the panel members. We also agree that at this stage interrogatories are not allowed under the Medical Malpractice Act; however, we disagree on whether exceptions, other than one of prescription, are permitted under the act.
Because of the cost, in both time and money, associated with medical malpractice lawsuits, screening panels were mandated as a precondition to traditional litigation. These panels do not replace the litigation process but provide a quick and inexpensive way to separate valid from frivolous claims.
A medical review panel is assembled to provide expert opinions with the goal of encouraging prompt settlement of good claims and abandonment of bad ones. The panel consists of experts who consider only evidence submitted in written form. This evidence consists primarily of medical charts, lab tests, x-rays, affidavits and other evidence including in some cases depositions. This evidence is usually in the possession of the physicians and other health care providers. Each party is allowed to see the evidence sent to the review panel.
The panel meets informally with the parties and their attorneys. The parties may question the panel. It is the panel’s duty to decide the | gapplicable standard of care and whether that standard was breached. All information is submitted in written form to the panel and is provided in advance of the meeting to all the parties.
When a plaintiffs claimed injury is one caused by medical harm, his or her proof usually requires expert testimony. This is particularly true in determining the standard of care. Plaintiff may well look to the review panel for that expert opinion. To compel a plaintiff to articulate the standard of care at the screening stage necessarily requires him to search out and hire experts. This court agrees that this is not required.
Under the majority opinion,[1] while the claim is pending before the review panel, exceptions of vagueness and/or no cause of action could be filed in the trial court to compel plaintiff to state the particular injury or injuries suffered and allege facts of causation linking these injuries to the defendant’s actions. With this I disagree. The Medical Malpractice Act allows only exceptions of prescription at the screening stage. Otherwise, the process would become costly, burdensome and dilatory. The particulars of the injury and causation will become clear in the written evidence submitted to the panel. If the panel members cannot discern any injuries suffered or any causal connection, they have the expertise to say so.

. Actually a majority of two as one judge declined to opine on this issue (believing the inquiry from the supreme court was limited to interrogatories) and two judges disagreed.